*58 OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an application for a certificate of relief from civil disabilities by a corporate defendant who sustained a conviction in Federal court and now seeks relief in State court. The issue in this case is whether this court has authority to issue such a certificate of relief from civil disabilities pursuant to the Correction Law.
The facts are as follows: C.P. Ward, Inc., is a domestic corporation duly organized and existing under the laws of New York State. On January 20, 1999, C. P. Ward, Inc., pleaded guilty to a violation of the Sherman Antitrust Act (15 USC § 1) wherein it admitted corporate responsibility for conduct of its agents in rigging of various bids for utility construction with the Rochester Gas and Electric Corporation. On May 18, 1999, C. P. Ward, Inc., was sentenced by the United States Western District Court of New York to a probation period of four years and had to pay restitution in the amount of $135,000. C. P. Ward, Inc., uses certain explosives and magazines to mine sand and gravel and for excavation and construction projects. These explosives are an integral part of C. P. Ward, Inc.’s business. The Bureau of Alcohol, Tobacco, and Firearms has taken the position that the felony conviction prohibits possession by C. P. Ward, Inc., of such explosives and detonating devices.
The applicant seeks relief pursuant to the New York State Correction Law rather than Federal law because the provisions in the Federal law are not available to them. The Bureau of Alcohol, Tobacco, and Firearms is responsible for enforcement of provisions of the Federal Criminal Code. The Bureau of Alcohol, Tobacco, and Firearms also has regulations to accept, investigate and determine applications for Federal certificates of relief from disabilities; however, there is also a Federal regulation which expressly excludes funding and appropriations to perform this function. This apparently makes Federal certificates of relief from disabilities unavailable. This is why they are trying to secure a State certificate of relief from disabilities.
The Correction Law clearly states that “[a]ny court of this state may, in its discretion, issue a certificate of relief from disabilities to an eligible offender for a conviction that occurred in such court, if the court * * * imposed a revocable sentence” (Correction Law § 702 [1]). The plain language of the statute appears to limit this court’s ability to provide such relief. C. P. *59 Ward, Inc., argues that it has been held that a State court may relieve a defendant from a Federal conviction under the New York State Correction Law because to prohibit such relief in State court from a Federal conviction would violate the Equal Protection Clause of the New York Constitution.
The argument of the defendant does not have merit for the following reasons:
• The argument that the statute denies equal protection of the law to a citizen whose conviction is obtained in Federal court is incorrect since within the same article of the New York State Correction Law the statute provides such remedy through an application to the Board of Parole for “any eligible offender who resides within this state and whose judgment of conviction was rendered by a court in any other jurisdiction” (Correction Law § 703 [1] [b]). An “eligible offender” is “a person who has been convicted of a crime or of an offense but who has not been convicted more than once of a felony” (Correction Law § 700 [1] [a]).
• Nor should the statute be interpreted as unconstitutional where a Federal remedy exists though unfunded. It would appear that a challenge to the authority which promulgated the regulations prohibiting the funding of such activity would be the more appropriate remedy than providing a strained interpretation of the statute to require State courts to accept such applications and act upon them without the type of information that would be available to Federal authorities.
Thus such constitutional challenge cannot be successful and this court finds that it does not have the authority to grant the application and dismisses the application.